# PENNSYLVANIA FIRE INSURANCE COMPANY OF PHILADELPHIA *v.* GOLD ISSUE MINING AND MILLING COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 584.   Argued January 29, 1917.—Decided March 6, 1917.

A fire insurance company, to obtain a license to do business in Missouri, filed with the Superintendent of the Insurance Department of that State, under Missouri Rev. Stats., 1909, § 7042, a power of attorney consenting that service of process on him should be deemed personal service on the company so long as it should have any liabilities outstanding in the State. The Missouri Supreme Court, construing the statute, held that the consent covered service in an action in Missouri on a policy issued in Colorado insuring buildings in the latter State. *Held*, that the construction had a rational basis in the statute and therefore could not be deemed to deprive the company of due process of law, even if it took it by surprise. *O'Neil* v. *Northern Colorado Irrigation Co.*, 242 U. S. 20, 26.

When a power actually is conferred by a document, the party executing it takes the risk of the interpretation that may be put upon it

by the courts. *Old Wayne Mutual Life Association* v. *McDonough,*
204 U. S. 8, and *Simon* v. *Southern Ry. Co.*, 236 U. S. 115, dis-
tinguished.
A mere error of construction committed by a state court in a candid
effort to construe the laws of another State is not a denial of full
faith and credit (Const., Art. IV, § 1), entitling the complaining
party to come to this court.
267 Missouri, 524, affirmed.


THE case is stated in the opinion.


*Mr. Fred. Herrington*, with whom *Mr. Mason A. Lewis,*
*Mr. James B. Grant* and *Mr. David H. Robertson* were
on the brief, for plaintiff in error.


*Mr. Patrick Henry Cullen*, with whom *Mr. Thomas T.*
*Fauntleroy* and *Mr. Charles M. Hay* were on the brief, for
defendant in error.


MR. JUSTICE HOLMES delivered the opinion of the
court.

This is a suit upon a policy of insurance issued in Colo-
rado by the defendant, the plaintiff in error, to the de-
fendant in error, an Arizona corporation, insuring build-
ings in Colorado.  The defendant insurance company
had obtained a license to do business in Missouri and to
that end, in compliance with what is now Rev. Stats. Mo.,
1909, § 7042, had filed with the Superintendent of the
Insurance Department a power of attorney consenting
that service of process upon the superintendent should
be deemed personal service upon the company so long as
it should have any liabilities outstanding in the State.
The present suit was begun by service upon the superin-
tendent.  The insurance company set up that such service
was insufficient except in suits upon Missouri contracts
and that if the statute were construed to govern the

present case it encountered the Fourteenth Amendment by denying to the defendant due process of law. The Supreme Court of Missouri held that the statute applied and was consistent with the Constitution of the United States. 267 Missouri, 524.

The construction of the Missouri statute thus adopted hardly leaves a constitutional question open. The defendant had executed a power of attorney that made service on the superintendent the equivalent of personal service. If by a corporate vote it had accepted service in this specific case there would be no doubt of the jurisdiction of the state court over a transitory action of contract. If it had appointed an agent authorized in terms to receive service in such cases, there would be equally little doubt. *New York, Lake Erie & Western R. R. Co.* v. *Estill,* 147 U. S. 591. It did appoint an agent in language that rationally might be held to go to that length. The language has been held to go to that length, and the construction did not deprive the defendant of due process of law even if it took the defendant by surprise, which we have no warrant to assert. *O'Neil* v. *Northern Colorado Irrigation Co.,* 242 U. S. 20, 26. Other state laws have been construed in a similar way; *e. g., Bagdon* v. *Philadelphia & Reading Coal & Iron Co.,* 217 N. Y. 432. *Johnston* v. *Trade Insurance Co.,* 132 Massachusetts, 432.

The defendant relies upon *Old Wayne Mutual Life Association* v. *McDonough,* 204 U. S. 8, and *Simon* v. *Southern Railway Co.,* 236 U. S. 115. But the distinction between those cases and the one before us is shown at length in the judgment of the court below, quoting a brief and pointed statement in *Smolik* v. *Philadelphia & Reading Coal & Iron Co.,* 222 Fed. Rep. 148; a statement reinforced by Cardozo, J., in *Bagdon* v. *Philadelphia & Reading Coal & Iron Co.,* 217 N. Y. 432. In the above mentioned suits the corporations had been doing business in certain States without authority. They had not ap-

pointed the agent as required by statute, and it was held that service upon the agent whom they should have appointed was ineffective in suits upon causes of action arising in other States. The case of service upon an agent voluntarily appointed was left untouched. 236 U. S. 129, 130. If the business out of which the action arose had been local it was admitted that the service would have been good, and it was said that the corporation would be presumed to have assented. Of course, as stated by Learned Hand, J., in 222 Fed. Rep. 148, 151, this consent is a mere fiction, justified by holding the corporation estopped to set up its own wrong as a defence. Presumably the fiction was adopted to reconcile the intimation with the general rules concerning jurisdiction. *Lafayette Insurance Co.* v. *French*, 18 How. 404. *Michigan Trust Co.* v. *Ferry*, 228 U. S. 346, 353. But when a power actually is conferred by a document, the party executing it takes the risk of the interpretation that may be put upon it by the courts. The execution was the defendant's voluntary act. *The Eliza Lines*, 199 U. S. 119, 130, 131.

The insurance company also sets up that the Supreme Court of Missouri failed to give full faith and credit to the public acts of Colorado. The ground is that one condition of the policy was that the insured was the owner in fee simple of the land under the insured buildings; that when the plaintiff bought the land, as it did, it had not taken out a license to do business in Colorado, and that the laws of that State forbade the plaintiff to acquire any real or personal property until the license fees should have been paid. The Missouri court held that it was enough if the plaintiff had paid the fees and got the license before instituting this suit. There is nothing to suggest that it was not candidly construing the Colorado statutes to the best of its ability, and even if it was wrong something more than an error of construction is necessary in order to entitle a party to come here under Article IV, § 1.

*Johnson* v. *New York Life Insurance Co.*, 187 U. S. 491, 496. *Finney* v. *Guy*, 189 U. S. 335. *Allen* v. *Alleghany Co.*, 196 U. S. 458, 464, 465. *Louisville & Nashville R. R. Co.* v. *Melton*, 218 U. S. 36, 51, 52. *Western Life Indemnity Co.* v. *Rupp*, 235 U. S. 261, 275.

The plaintiff suggests that the whole controversy is *res judicata* by reason of the decision in *State* v. *Barnett*, 239 Missouri, 193, in which the insurance company is said to have been one of the relators, and which followed the decision in *State* v. *Grimm*, 239 Missouri, 135. It also urges that the defendant waived any objection it might have had to the validity of this service by appearing and pleading to the merits. As the facts hardly appear and as the state court discussed the merits of the case we do not pass upon these matters which in a different state of the record might need at least a few words.

*Judgment affirmed.*