## AMERICAN INDEMNITY CO. v. DETROIT FIDELITY & SURETY CO. et al.

### No. 6747.

Circuit Court of Appeals, Fifth Circuit.

Feb. 16, 1933.

Gervaise G. Martin, of Franklin, Pa., for appellant.

Eugene Mackey, of Franklin, Pa., and Edmund C. Breene and Alexander B. Jobson, both of Oil City, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

PER CURIAM.

An earlier phase of this case was before this court [see 39 F.(2d) 1022]. The pres-

Joyce Cox and Ballinger Mills, both of Galveston, Tex., for appellant.

Adrian Levy, W. E. Cranford, and Owen D. Barker, all of Galveston, Tex., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

American Indemnity Company is a corporation of Texas having its home office and principal place of business in Galveston. It was in 1931 qualified under the laws of California to do business in that state, and was represented in San Francisco by Mullin-Acton Company as its general agent. The Mullin-Acton Company gave two bonds for its fidelity as such agent, on one of which Union Indemnity Company became surety, and Detroit Fidelity & Surety Company on the other. Union Indemnity Company is a corporation of Louisiana, with its home office and principal place of business in New Orleans. Detroit Fidelity & Surety Company is a corporation of Michigan, with its home office and principal place of business at Detroit. Both were in 1931 doing business in California, and the said fidelity bonds were negotiated for and entered into in California, and there delivered to Mullin-Acton Company for its principal. Mullin-Acton Company is charged with misappropriations arising in California while the bonds were in force exceeding $3,000. This action at law for breach of the bonds was by American Indemnity Company instituted against the sureties in the United States court of the district in Texas in which it was domiciled. Each of the defendants had a license to do business also in Texas, and had appointed an attorney to receive service as required by the Texas license statute, and had agents who were actually doing business in the state by soliciting and executing fidelity and surety bonds and collecting premiums therefor. Service as to Union Indemnity Company was made upon its designated attorney for service who was also in charge of its Texas business. Service as to Detroit Fidelity & Surety Company was not made upon its attorney designated therefor, but on a subagent doing business for it in Texas. Neither of them was an officer or general manager of this company. The service as to each defendant was challenged by a plea to the jurisdiction. The facts being stipulated as above set out, the pleas were sustained, and the action dismissed without prejudice; the plaintiff appealing.

There is diversity of citizenship and the requisite amount is involved, so that federal jurisdiction over the controversy exists. Since the jurisdiction rests wholly upon diversity of citizenship, and the cause of action is transitory and not local, venue is provided in the district of inhabitancy of either the plaintiff or defendant. 28 USCA § 112. The plaintiff is therefore faced only by the problem of getting the defendants into court by a service sufficient to give the court jurisdiction over their corporate persons. Unless waived, this is as indispensable as venue. Potential power over a corporation there present must be rendered actual by a lawful service. Simon v. Southern R. R. Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492; St. Clair v. Cox, 106 U. S. 350, 1 S. Ct. 354, 27 L. Ed. 222; Old Wayne Life Association v. McDonough, 204 U. S. 8, 9, 27 S. Ct. 236, 51 L. Ed. 345. A corporation as an artificial entity cannot migrate from the state of its creation. It is not to be found elsewhere for purposes of service in the mere temporary presence of an agent or even an officer, Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; although he is present on corporate business, Lumiere v. Mae Edna Wilder, Inc., 261 U. S. 174, 43 S. Ct. 312, 67 L. Ed. 596; James-Dickinson Farm Mortgage Co. v. Harry, 273 U. S. 119, 47 S. Ct. 308, 71 L. Ed. 569; nor though the officer resides where served if the corporation is not doing business there, Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 S. Ct. 728, 47 L. Ed. 1113; Toledo Rys. & Light Co. v. Hill, 244 U. S. 49, 37 S. Ct. 591, 61 L. Ed. 982. But the corporation with the consent of a state other than that which created it and on such conditions as the former state may constitutionally impose do business therein through such agents as it chooses; and if the business is in its nature and continuity such as to warrant the inference that the corporation has subjected itself to the local jurisdiction it may be there sued on such causes of action, and its agents may be there served in such manner as the state laws may have provided, on the theory that by entering the state to do business the corporation has impliedly consented thereto. Commercial Mutual Accident Co. v. Davis, 213 U. S. 245, 29 S. Ct. 445, 53 L. Ed. 782; Baltimore & Ohio Railroad Company v. Harris, 12 Wall. 65, 20 L. Ed. 354; LaFayette Ins. Co. v. French, 18 How. 404, 15 L. Ed. 451. There is no question here but that the defendants were present and doing business in Texas. By the state laws a license was required, and they had each obtained it. The

question is what liability to service of suits do those laws impose? The licensing statute, Rev. Stats. of 1925, art. 4971, requires of fidelity and surety companies: "If such company be organized under the laws of any other state it must also have on deposit with a State officer of one of the states of the United States, not less than one hundred thousand dollars in good securities, deposited with and held by such officer for the benefit of the holders of all obligations wheresoever incurred; must also appoint an attorney in this State upon whom process of law can be served * * * and such service of process may also be made upon the Commissioner, by virtue of his office, and shall be as effective as if made upon said attorney."

Article 4975 reads: "If any suit shall be instituted upon any bond or obligation of any surety company, the proper court of the county wherein said bond is filed shall have jurisdiction of said cause. Service therein shall be made, either upon the attorney for said company, by this subdivision required to be appointed, or upon the Commissioner; and such service shall be to all intents valid and effectual as service upon said company. Such guaranty, fidelity and surety companies shall be deemed resident of the counties wherever they may do business, and the doing or performing any business in any county shall be deemed an acceptance * * * of this subdivision."

■■ The attorney designated by Union Indemnity Company was served. But it is said that its bond, made and breached in California, was not one filed in a county of Texas, and arose out of no business done there, and that a suit upon it is not within the contemplation of this statute, and the attorney is not authorized to receive service thereof. In entering the state to do business, and appointing its attorney for service, the corporation took the risk of the construction that might be put upon the scope of the agency created under the statute. Pennsylvania Fire Ins. Co. v. Gold Issue Min. & Mill. Co., 243 U. S. 93, 37 S. Ct. 344, 61 L. Ed. 610. But we are referred to no decision of the Texas courts fixing its meaning. Causes of action which arise in other states rest upon their laws, which have effect in Texas only by comity, and which Texas is not otherwise bound to enforce. Since the great purpose of the licensing statute is to safeguard the business to be done in the state (see Phillips v. Perue, 111 Tex. 112, 229 S. W. 849), and has particular reference to official and fiduciary bonds filed in the various counties, we think its vague terms as to service should be confined to suits arising from business done in Texas. Robert Mitchell Furniture Co. v. Selden Breck Const. Co., 257 U. S. 213, 42 S. Ct. 84, 66 L. Ed. 201; Morris & Co. v. Skandinavia Ins. Co., 279 U. S. 405, 49 S. Ct. 360, 73 L. Ed. 762; L. & N. R. R. Co. v. Chatters, 279 U. S. 320, 49 S. Ct. 329, 330, 73 L. Ed. 711. In the last-cited case as in that at bar, the plaintiff brought suit at law in the federal court of his own district against a foreign corporation for an injury received in another state, serving the attorney appointed under the state statute. The court, citing authorities, said: "A foreign corporation is amenable to suit to enforce a personal liability if it is doing business within the jurisdiction in such manner and to such extent as to warrant the inference that it is present there. * * * Even when present and amenable to suit it may not unless it has consented * * * be sued on transitory causes of action arising elsewhere which are unconnected with any corporate action by it within the jurisdiction." The statute, compliance with which was asserted to give consent, was the same as in Simon v. Southern R. R. Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492. In line with the construction given it in that case, it was assumed not to contemplate causes of action wholly arising outside the state; but since the passenger's injury involved a breach of duty created by the sale of his ticket within the state, the suit was held to be so connected with business done in the state as to fall under the statute. The bond here sued on was negotiated for, executed, and delivered in California, and under the laws of that state, and the facts constituting its breach all occurred there. In no sense does this suit involve business done in Texas under the Texas license.

But the attorney for service of Union Indemnity Company was also its agent doing business in Texas, and the service of Detroit Fidelity & Surety Company was upon one of its active agents there. Another Texas statute, article 2031, covers the service of all foreign corporations who are present doing business in the state: "In suits against a foreign corporation * * * process may be served on the president, vice president, secretary, treasurer, or general manager, and in any cause of action arising within this State, process may also be served upon any local or traveling agent, or traveling salesmen of such corporation. * * *"

In the absence of state decision, we hold

that suits on causes of action arising both without and within the state are here dealt with, and that as to the former, the presence in the state and service upon one of the executive officials named is necessary, while on causes of action arising within the state lesser agents may be served. The persons served here were but agents to do Texas business, and neither was an officer or a general manager of his company. In coming into the state to do business under this statute, each company by its terms impliedly consented that its local agents should represent it, not only in doing Texas business, but also in receiving service in suits on liabilities arising there; but as to liabilities arising elsewhere it should be represented only by its general executives named in the statute.

 That these statutes relate to service of state process, while this case was begun in the federal court, is not of importance. The consent to be represented in Texas by these attorneys and agents is measured in all courts by the statutes. It is true that the judicial power of the United States is coextensive with their territory, and that Congress could have authorized the process of the District Court to run and be served in other states in all cases as it has done in some; but by 28 USCA §§ 112, 113, 114, the process has in general been restricted to the district or state in which the court is held. Robertson v. Railroad Labor Board, 268 U. S. at page 623, 45 S. Ct. 621, 69 L. Ed. 1119; Toland v. Sprague, 12 Pet. 300, 9 L. Ed. 1093. Service in law cases is put by the Conformity Act (28 USCA § 724), under the state statutes on the subject, and they control. Amy v. Watertown, 130 U. S. 301, 9 S. Ct. 530, 32 L. Ed. 946; Toland v. Sprague, 12 Pet. 300, 9 L. Ed. 1093. The state statutes as to serving corporations of other states have always been considered to apply in suits in the federal courts. Knott v. Southern Life Ins. Co., Fed. Cas. No. 7894; Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853; Pennsylvania Fire Ins. Co. v. Gold Issue Min. & Mill. Co., 243 U. S. 94, 37 S. Ct. 344, 61 L. Ed. 610; Pennsylvania Lumbermen's Ins. Co. v. Meyer, 197 U. S. 407, 25 S. Ct. 483, 49 L. Ed. 810; L. & N. R. R. Co. v. Chatters, 279 U. S. 320, 49 S. Ct. 329, 73 L. Ed. 711; Young Co. v. McNeal-Edwards Co., 283 U. S. 398, 51 S. Ct. 538, 75 L. Ed. 1140. Cited as to the contrary is Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 42 L. Ed. 964. That case turned upon the question of the jurisdiction of the federal court over an alien, and not on the mode of service.

The service was had on the managing agent of the corporation within the state, as provided by the state statutes. On the point of jurisdiction over the controversy, the state statutes restricted its courts to causes of action arising within the state, and the decision was that such restriction on jurisdiction did not extend to the federal court, whose jurisdiction was fixed by the Constitution and laws of the United States. It may be that if state laws provide no reasonable and effective mode of service the District Courts may by rule establish a mode as was done by the Supreme Court for the service of states, Grayson v. Virginia, 3 Dall. 320, 1 L. Ed. 619; see, also, Collin County Nat'l Bank v. Hughes (C. C. A.) 152 F. 414; Id. (C. C. A.) 155 F. 389, 390; the conformity statute having that much elasticity. The policy of the Texas statutes as we have understood them is reasonable and just, and the federal courts sitting there should uphold it. Service of process not having been perfected according to law, and no better service having been proposed, the dismissal of the suit without prejudice was proper.

Judgment affirmed.