**EZELL v. RUST ENGINEERING CO.**
Civ. A. No. 829.

District Court, W. D. South Carolina,
Spartanburg Division.

Feb. 27, 1948.

Carlisle, Brown & Carlisle, of Spartanburg, S. C., for plaintiff.

Osborne, Butler & Moore, of Spartanburg, S. C., for defendant.

WYCHE, District Judge.

In this action plaintiff seeks to recover damages against the defendant for the alleged wrongful death of Boyce Lee Cudd in the State of New York on August 1, 1947, while working in the employ of the defendant upon the construction of a brick smokestack. Plaintiff is a resident of South Carolina, and was duly appointed administratrix of the estate of Boyce Lee Cudd, late of the same residence, by the Probate Court of Spartanburg County, South Carolina.

The defendant is a Delaware corporation and "is engaged principally in carrying on, under contract with other parties, construction projects, including the construction of brick smoke stacks." Since 1925 defendant has been domesticated to

carry on its business in South Carolina. Prior to the commencement of this action it had appointed process agents in Greenville, South Carolina, in accordance with the requirements of Section 7765, Code of Laws of South Carolina 1942. Summons in this case was duly served upon such process agents on October 13, 1947.

In due course the defendant removed the cause to this court, and it is now before me upon motion of the defendant to quash the summons and service of process upon the following ground: "That there is a lack of jurisdiction over the person of the Defendant and an insufficiency of process and of service of process, in that the Summons in this action was served upon the process agent of the Defendant designated by the Defendant, under the provisions of Section 7765 of the 1942 Code of Laws of South Carolina; and that such service of process was insufficient to give jurisdiction over the Defendant, in that the Defendant is a foreign corporation, being incorporated under the laws of the State of Delaware; that it was not actually doing business or maintaining agents in the State of South Carolina at the time of the accrual of the alleged cause of action in this case, or at the time of the attempted service of process; that the alleged cause of action arose outside the State of South Carolina, and under such circumstances the statutory process agent of the Defendant is not the agent for service of process sufficient to give jurisdiction over the Defendant, the provisions of the Statutes of South Carolina providing for the appointment of statutory process agents by corporations domesticated in the State of South Carolina, covering and extending only with respect to those actions arising within the State of South Carolina, and not those arising outside said State, and when the corporation was not actually doing business within said State, and under the due process provisions of the United States Constitution, and of such Statutes of the State of South Carolina, no jurisdiction has been acquired over the person of this Defendant and the attempted service of process was insufficient to give jurisdiction in this case."

It will be observed that the defendant does not contend that there is a lack of jurisdiction of the subject-matter of the action. The challenge goes only to jurisdiction of defendant's person. It is admitted that service was made on the duly appointed and then acting process agent of defendant, but defendant contends that it was not actively engaged in the performance of its business within the State of South Carolina at the time of the accrual of the cause, or at the time of service of process, and that, therefore, such service was not sufficient to confer jurisdiction of defendant's person in a transitory cause of action arising in New York.

■ Whether or not defendant was about its business in the state at the time of the accrual of the transitory cause of action would not be material. The validity of the service controls the question of jurisdiction. It depends upon the effect of what was done at the time that service was made, and not at the time of the accrual of the cause of action.

■ In the interpretation and construction of the process statutes of the several states it is well-settled that "when a foreign corporation appoints one as required by statute it takes the risk of the construction that will be put upon the statute and the scope of the agency by the State Court." Mitchell Furniture Co. v. Selden Breck Const. Co., 257 U.S. 213, 42 S.Ct. 84, 85, 66 L.Ed. 201, 203. See also, Pennsylvania Fire Ins. Co. v. Gold Issue Min. & Mill. Co., 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610; Cohen v. American Window Glass Co., 2 Cir., 126 F.2d 111; Canadian Pac. R. Co. v. Sullivan, 1 Cir., 126 F.2d 433, Certiorari denied, 316 U.S. 696, 62 S.Ct. 1291, 86 L.Ed. 1766; Vilter Mfg. Co. v. Rolaff, 8 Cir., 110 F.2d 491; Bagdon v. Philadelphia & Reading Coal & Iron Co., 217 N.Y. 432, 111 N.E. 1075, L.R.A. 1916F, 407, Ann.Cas. 1918A, 389. It is stated generally in Fletcher Cyclopedia Corporations (Perm.Ed.), § 8641, page 117, that "When a foreign corporation accepts the benefit of such a statute by allowing its agents to do business in a state, it impliedly agrees to its terms and will be bound by service of pro-

cess upon its agent in accordance with the statute."

"A corporation which establishes or seeks to establish a business domicile in a state other than that of its creation takes that domicile subject to the responsibilities and burdens imposed by the laws in force there; it becomes amenable to the laws of the latter state and to the process of its courts, upon the same principle, and to the same extent, as natural persons or domestic corporations." 20 C.J.S., Corporations, § 1807; see, Section 7776, Code of Laws of South Carolina 1942.

It is necessary therefore to consider the applicable statutes of South Carolina and the construction placed upon them by the South Carolina Supreme Court.

Section 826, Code of Laws of South Carolina 1942, provides that "An action against a corporation created by or under the laws of any other State, government, or country may be brought in the circuit court: (1) *By any resident of this State, for any cause of action.* (2) By a plaintiff not a resident of this State, when the cause of action shall have arisen, or the subject of the action shall be situated, within this State." (Emphasis added.)

In Lipe v. Carolina, C. & O. R. Co., 123 S.C. 515, 523, 116 S.E. 101, 103, 30 A.L.R. 248, the South Carolina Supreme Court in considering this section said: "The language of the statute, conferring the right upon any resident to bring an action in the circuit court against a foreign corporation 'for any cause of action,' and limiting the right of action of a nonresident, is too clear to require interpretative comment. The plaintiff, a resident of the state, was entitled to sue upon her transitory cause of action arising in the state of North Carolina, and the circuit court was invested with jurisdiction to try the cause. Obviously, if the service of process was otherwise sufficient to give the circuit court jurisdiction of the person of the defendant, the service was not invalidated or rendered nugatory by reason of the fact that the plaintiff's cause of action arose without the state."

That the foregoing accords with the general view is indicated by Fletcher Cyclopedia Corporations (Perm.Ed.) Section 86-65, page 211, where it is said: "* * * the weight of *modern authority* is to the effect that a foreign corporation may be sued in a transitory cause of action in any jurisdiction where it can be found in the sense that service of process may be perfected upon an agent or officer transacting business for the corporation within that jurisdiction, and that the residence of the plaintiff and the place at which the cause of action arose are not material questions to be determined to maintain jurisdiction if the corporation can be found and served, * * * ." (Emphasis added.)

The question presented then is, whether the process agent, appointed under the South Carolina statute by the defendant, may be effectively served with summons in an action brought by a resident against defendant upon a transitory cause arising without the state *when at the time of service the defendant was not actively engaged about its business within the state.*

The answer to this question may be reached by first deciding whether under the South Carolina statute such service would be effective to confer jurisdiction if made at a time when defendant is in the active performance of its business within the state. If so, it would remain for decision whether its inactivity for a period would affect the sufficiency of the service upon the process agent during such inactivity, and, if so, whether the proof here shows that at the time of service of process defendant was inactive to such an extent as to affect the sufficiency of the service.

The South Carolina statute providing for the appointment of the process agent served in this case is Section 7765, Code of Laws of South Carolina 1942, which is as follows: "§ 7765. *Stipulation to be filed by foreign corporations doing business in this State.*—Each and every foreign corporation now doing business in the State of South Carolina, or that may hereafter apply for admission, shall, within sixty days, file with the secretary of state a written stipulation or declaration in due form, designating some place within this State as the principal place of business or place of location of said corporation, in this State, at which all legal papers may be

served on said corporation, by delivery of the same to any officer, agent or employee of said corporation, found therein: *provided,* that whenever any foreign corporation transacts business in this State without first having complied with the provisions of the within section, and pursuant thereto designating a principal place of business or place of location of said corporation in this State at which all legal processes may be served, said foreign corporation so transacting business in this State without complying with said section shall be deemed to have designated the secretary of state as his true and lawful agent upon whom may be served all legal process in any action or proceedings against said foreign corporation growing out of the transaction of any business in this State. * * *"

■ The South Carolina Supreme Court has not passed upon the precise question now under consideration. Under such a situation this Court will construe the state statutes involved in this controversy in accordance with recognized principles of interpretation and construction.

The original Act passed in 1893, 21 Statutes S.C. 409, permits foreign corporations "to locate and *carry on business* within the State of South Carolina" upon compliance with certain requirements. Compliance is required by foreign corporations "owning property or *doing business* in this State on the 1st day of July 1894" and by those "which shall acquire property or *commence to do business* in this State" after that date. (Emphasis added.) Of similar purport is Section 7765, Code of Laws of South Carolina 1942. Compliance with Section 7765 is effected by "designating some place within this State as the principal place of business or place of location of said corporation, in this State, at which all legal papers may be served on said corporation, by delivery of the same to any officer, agent or employee of said corporation, found therein".

■ It is apparent, therefore, that a foreign corporation must not only designate a process agent, but it must also agree that a designated place shall be considered as its "principal place of business" or as the "place of location of said corporation".

It must also agree that "all legal papers" may be served upon it at the designated place.

Certainly a foreign corporation while engaged in carrying on its business in the State would be generally amenable to service of process as provided in Section 7765; and since under Section 826, supra, foreign corporations may be sued by a resident of South Carolina "for any cause of action", it would follow that while engaged in the carrying on of its business in the state it would be so amenable to process in an action by a resident upon a transitory cause arising without the state.

This construction of the statute is fortified by its wording after the 1933 Amendment, 38 Statutes S.C. 486, so that it now provides for service upon the voluntarily appointed process agent of "all legal papers" without limitation, but service upon the involuntary process agent deemed to have been appointed as a consequence of noncompliance with the statute is limited to process "in any action or proceedings against said foreign corporations *growing out of the transaction of any business in this State.*" (Emphasis added.) See Mitchell Furniture Co. v. Selden Breck Co., supra.

■ Furthermore, " * * * where a foreign corporation is doing business in the state sufficient to render it subject to the jurisdiction of the courts of the state generally, jurisdiction of a particular suit does not fail because the cause of action sued on has no relation in its origin to such business. * * *" Fletcher Cyclopedia Corporations (Perm.Ed.), Section 8664, page 207.

Such statutes "are not to be construed as limiting jurisdiction to those causes arising out of business done by the agent in question or within the state unless their terms and context require it. * * *" Fletcher Cyclopedia Corporations (Perm.Ed.), Section 8665, page 220.

"The more logical rule would seem to be that by submitting to the jurisdiction a foreign corporation does so for all purposes and not merely those acts done within the state; and it may be sued on causes not related to such business or not arising

within the state." Fletcher Cyclopedia Corporations (Perm.Ed.), Section 8665, page 219.

By compliance with Section 7765, as consideration for doing business in the State, defendant has made certain agreements with reference to process agent, principal place of business and location of said corporation within the State. There is nothing in the statute to limit or condition such agreement so that when defendant's business activity is suspended the effect of the agreement is likewise suspended.

It was the purpose of the statute to secure from defendant an agreement that it could be found at a specified location as its principal place of business represented there by an appointed agent for the service of process upon it. The intended consequence of defendant's performance of its agreement would be that it would *remain present in the state* as long as that performance continues. Defendant admits the performance, but denies the consequence.

To hold that its presence in the state at a particular time would be dependent on whether or not it is then actively performing its business would disregard its agreement to *remain present there* and introduce into that agreement a limitation not warranted by the language of the statute. It would also introduce a differentiation between such foreign corporations and other qualified foreign corporations whose activities are continuous. Such a differentiation would have no logical foundation. As long as the statutory agreement continues in force, the complying foreign corporation remains continuously present within the state, regardless of what its activities may consist of at any particular time. It follows, therefore, that service of process in this case was effective to confer jurisdiction over the defendant corporation, unless the constitutional due process clauses inhibit that result, as is contended in the motion under consideration.

But the due process clauses place no limitation upon the competency of a corporation to submit voluntarily to jurisdiction, or upon the right of the state to require such submission as a prerequisite to doing business within the State.

"A state may withhold from a foreign corporation the right to do an intrastate business therein or condition such right as it sees fit so long as it does not impose as a condition the surrender of a constitutional right. * * * Where a foreign corporation qualifies to do business in a state in accordance with the statutes of the state, it assents to all the reasonable conditions imposed by such statutes. * * * it thereby assents to be sued in the state and federal courts of competent jurisdiction therein, if the statutes of the state respecting the entry of a foreign corporation so provide." Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 10 Cir., 100 F.2d 770, 774, affirmed, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537.

It is only required that the agent served "must be its representative within the jurisdiction, either as acting therein on its behalf by its authority, or as expressly or impliedly authorized by it to receive service." Fletcher Cyclopedia Corporations (Perm.Ed.) Section 8737, page 444, citing, Farmers' & Merchants' Bank of Catlettsburg, Ky. v. Federal Reserve Bank of Cleveland, Ohio, D.C., 286 F. 566, 578. See, also, Thompson v. Ford Motor Co., 200 S.C. 393, 21 S.E.2d 34, for definition of "any agent" in Section 434, Code of Laws of South Carolina 1942, relating to service of process on corporations.

It has been said to be the most important general principle that the agent served "should sustain such a relation to the matter growing out of the character of his employment as would, fide et fiducia, impose upon him the duty to report the fact of such service to the corporation." Fletcher Cyclopedia Corporations (Perm.Ed.) Section 8735, page 424. Certainly, in this case, it was the duty of the statutory process agent to so report.

The contention made here by defendant was presented in Pennsylvania Fire Ins. Co. v. Gold Issue Min. & Mill. Co., supra, [243 U.S. 93, 37 S.Ct. 345] that is, that it would offend against the Fourteenth Amendment to hold that an Arizona cor-

poration could be served with process in Missouri by service upon its Missouri statutory process agent in an àction upon a transitory cause arising in Colorado. The court held that the foreign corporation appointed a process agent "in language that rationally might be held to go to that length" and that to so hold "did not deprive the defendant of due process of law". The courts of South Carolina take a similar view of the constitutional question. New York Life Ins. Co. v. McMaster, 84 S.C. 495, 66 S.E. 877.

This disposition of the question of jurisdiction makes it unnecessary to decide whether the proof here shows that at the time of service defendant was in fact inactive about its business in South Carolina. It may not, however, be inappropriate to point out that the business of defendant, the erecting of brick smokestacks, is such as to render it likely that there would occur intervals ·of inactivity in the actual performance of its contracts. Nevertheless, for more than twenty years it has continued to be qualified to carry on its business under Section 7765, and no doubt it has qualified under Section 7084-1 to 7084-7 providing for the licensing of contractors and regulating their bidding on contracts and under Section 2543, requiring the payment of an annual license tax to the South Carolina Tax Commission. The circumstance that defendant had completed the performance of its last contract in South Carolina on May 10, 1947, does not compel the conclusion that thereafter it was not about its business in the State at the time it was served, and the Court does not wish to be understood as so holding. In any event, the fact that defendant has not revoked the appointment of its process agent is evidence that it intends to continue to do business in the state whenever it can secure contracts in the state.

For the foregoing reasons I must conclude that the service of the summons in this case upon the defendant is sufficient to confer jurisdiction on the person of the defendant in this case.

Defendant also moves to dismiss for failure to state a claim upon which relief can be granted. No disposition is being made of this motion, nor of plaintiff's motions subsequently noticed after filing an amended complaint. These motions will be determined later.

Counsel may present an order in accordance with the foregoing Opinion.