**AFFIRMED and Opinion Filed May 16, 2024**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00921-CV**

**REPAIRIFY, INC. AND REPAIRIFY HOLDINGS, LLC, Appellants**

**V.**

**OPUS IVS, INC., Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-00867-2023**

## OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Carlyle

Appellants Repairify, Inc. and Repairify Holdings, LLC ["Repairify"] appeal the trial court's order granting appellee Opus IVS, Inc.'s special appearance. We affirm.

Repairify sued Opus, its competitor in the worldwide automotive repair services industry, for tortious interference with contract after Opus hired William O'Brien away from Repairify. Repairify's principal place of business is in Plano, Texas while Opus is incorporated in Delaware and has its principal place of business in Michigan.

In its first issue, Repairify argues that a prior panel of this court adopted an "erroneous (but common) misunderstanding of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)" in *Asshauer v. Glimcher Realty Trust*, 228 S.W.3d 922, 933 (Tex. App.—Dallas 2007, no pet.), and that we should rectify this misunderstanding by holding that the Supreme Court's decision in *Mallory v. Norfolk Southern Railway Company*, 600 U.S. 122, 135 (2023) abrogates our personal jurisdiction precedent. *Mallory* concluded that Pennsylvania's statutory scheme specifically requiring registering non-resident corporations to consent to general jurisdiction in the Commonwealth's courts does not violate Due Process. *Mallory*, 600 U.S. at 134–35 (quoting 42 PA. CONS. STAT. § 5301(a)(2)(i)).

The *Mallory* Court answered only that question, whether consent jurisdiction for non-resident corporate defendants comports with Due Process. *See id.* at 139 (analogizing Norfolk Southern's Due Process arguments against consent jurisdiction to those made against tag jurisdiction in *Burnham v. Super. Ct. of Cal., Co. of Marin*, 495 U.S. 604 (1990)). *Mallory* never sought to instruct how to read a state's statutes or whether to intuit from them that they meant a registering business consented to general jurisdiction in the absence of a clear statement of that consent. *Cf.* BRYAN A. GARNER, ET AL., THE LAW OF JUDICIAL PRECEDENT 655 (2016) (state high courts have the final say and final authority over interpretation of the state's laws). The *Mallory* Court answered "a very old question indeed—one this Court resolved more than a century ago in *Pennsylvania Fire* [*Ins. Co. of Philadelphia v. Gold Issue Min.*

*& Mill. Co.*, 243 U.S. 93 (1917)].” *Mallory* has no effect on this court’s interpretation of the Texas non-resident corporation registration scheme and we decline the invitation to reinterpret settled Texas law. *See Asshauer*, 229 S.W.3d at 933 (“having a registered agent and being registered to do business in Texas only potentially subjects a foreign corporation to jurisdiction in this state”); *Dowdy v. Miller*, 122 S.W.3d 816, 822 (Tex. App.—Amarillo 2003, no pet.); TEX. BUS. ORGS. CODE ch. 9.

For similar reasons, we reject Reparify’s second issue, asking us to conclude Texas’s statutory scheme related to non-resident businesses requires a conclusion that Opus has consented to general jurisdiction in Texas simply by registering to do business here. *See id.* The supreme court has repeatedly rejected mechanical tests for jurisdiction, *see Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991), and unlike Pennsylvania law in *Mallory*, none of Texas’s business registration statutes—and nothing in Texas’s long-arm scheme—includes any language specifically directing that complying with them would subject a business to personal jurisdiction in Texas. *See Leonard v. USA Petroleum Corp.*, 829 F. Supp. 882, 886–89 (S.D. Tex. 1993) (gently distinguishing Texas case law holding otherwise).

In its third issue, Repairify argues Opus has sufficient minimum contacts with Texas to subject it to specific jurisdiction and that subjecting Opus to specific jurisdiction would not violate traditional notions of fair play and substantial justice.

We review issues of personal jurisdiction over nonresident defendants de novo. *TV Azteca, S.A.B. de C.V. v. Ruiz*, 490 S.W.3d 29, 36 n.4 (Tex. 2016). When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, we imply all facts necessary to support the judgment and supported by the evidence. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018). And when the relevant facts are undisputed, an appellate court need not consider any implied findings of fact and considers only the legal question of whether the undisputed facts establish Texas jurisdiction. *Id.*

Specific jurisdiction exists where a defendant purposefully avails itself of the privilege of conducting activities in the forum state and the plaintiff's claim arises out of or is related to the defendant's contacts with the forum. *See LG Chem Am., Inc. v. Morgan*, 670 S.W.3d 341, 347 (Tex. 2023). In connection with its special appearance, Opus introduced evidence that (1) it has 289 employees and offices in Michigan, California, New York, and Arizona, (2) it does not have an office in Texas, (3) it has never owned any property in Texas, (4) it does not have any physical locations in Texas, (5) it does not have any bank accounts in Texas, (6) O'Brien is a resident of Arizona, (7) O'Brien works for Opus in Arizona, (8) Opus has never communicated or otherwise interacted with O'Brien in Texas, (9) 19 of Opus's employees reside in Texas, (10) Opus recruits employees from every U.S. state, (10) none of its salespeople are in Texas, and (11) O'Brien's contract with Opus was executed pursuant to Michigan law.

Repairify's live petition alleges:

> Specific jurisdiction over Opus is proper in the state of Texas because Opus solicited and recruited Defendant William O'Brien away from Repairify, despite having knowledge of O'Brien's restrictive covenants with Repairify. O'Brien is the Global Sales Leader for Opus—responsible for overseeing all of Opus's sales. Opus directly competes with Repairify, including in the state of Texas. Accordingly, O'Brien's knowledge of customers, vendors, employees, and confidential information relating to diagnostic tools—of which he learned by means of his employment with Repairify (a Texas resident)—is extremely valuable to Opus. To gain the benefits of O'Brien's knowledge of the above, Opus purposefully interfered with the agreements between O'Brien and Repairify.

Opus's knowledge that its conduct might cause Repairify to suffer a competition injury in Texas does not create sufficient minimum contacts to trigger specific jurisdiction here. *See Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 68–69 (Tex. 2016) ("Mere knowledge that the 'brunt' of the alleged harm would be felt—or have effects—in the forum state is insufficient to confer specific jurisdiction."); *Asshauer*, 228 S.W.3d at 933. Notably missing from these allegations is the claim that Opus took actions in Texas related to Repairify's claims here. Repairify's allegations relating to O'Brien's knowledge or the actions related to him joining and working for Repairify are not relevant to analyzing specific jurisdiction over Opus. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) (cleaned up) (only the "defendant *himself*['s]" contacts are relevant).

Repairify also argues that Opus has purposefully availed itself because it "has recruited and employed at least 26 Texas residents since April 2021," citing Texas

Civil Practice and Remedies Code § 17.042(3).[1] The acts listed in § 17.042 are those that can bring a defendant within the Texas long-arm statute but have no special relevance to the purposeful availment analysis, which is part of the analysis whether exercising jurisdiction would satisfy federal and state constitutional due process guarantees. *See Schlobohm v. Schapiro*, 784 S.W.2d 355, 356–57 (Tex. 1990). We give this the minimal weight it deserves.

Under these circumstances, Repairify's claim neither arises out of nor is related to Opus's purposeful contacts with Texas because none of the relevant actions or actors sufficiently connect to Texas, as detailed above in the extensive non-Texas actions related to the controversy here. *See LG Chem Am., Inc.*, 670 S.W.3d at 347. In light of this conclusion, we need not consider whether exercising jurisdiction comports with traditional notions of fair play and substantial justice. *See Foley v. Trinity Indus. Leasing Co.*, 314 S.W.3d 593, 602 (Tex. App.—Dallas 2010, no pet.).

Finally, Repairify argues Opus is subject to general jurisdiction in Texas. For at least all the reasons we reject specific jurisdiction, we reject the conclusion that Opus's contacts with Texas have been systematic and continuous, rendering it essentially at home here. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 n. 19 (2014); *Searcy*, 496 S.W.3d at 72.

---

[1] "In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident . . . recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state."

Having overruled each of Repairify's four issues on appeal, we affirm the trial court's judgment.

_/Cory L. Caryle/_
CORY L. CARLYLE
JUSTICE

230921F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

REPAIRIFY, INC. AND
REPAIRIFY HOLDINGS, LLC,
Appellants

No. 05-23-00921-CV          V.


OPUS IVS, INC., Appellee

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-00867-2023.

Opinion delivered by Justice Carlyle.
Justices Partida-Kipness and
Pedersen, III participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee OPUS IVS, INC. recover its costs of this appeal from appellant REPAIRIFY, INC. AND REPAIRIFY HOLDINGS, LLC.


Judgment entered May 16, 2024