**Wilbur Lorn DAVIS, Plaintiff–Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a corporation, Defendant–Appellee.**

No. 87–4150.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1988.

Decided Nov. 21, 1988.

have an unfettered constitutional right to be free from prepublication review." *Id.* at 863.

Gene R. Jarussi, Keefer, Roybal, Hanson, Stacey & Jarussi, Billings, Mont., for plaintiff-appellant.

Rockwood Brown, Anderson, Brown, Gerbase, Cebull, Fulton, Harman & Ross, P.C., Billings, Mont., for defendant-appellee.

Before SCHROEDER, ALARCON and NORRIS, Circuit Judges.

ALARCON, Circuit Judge:

Plaintiff-appellant, Wilbur Lorn Davis, appeals from the district court's order dismissing his complaint on the ground that the district court lacked personal jurisdiction over the defendant-appellee, American Family Mutual Insurance. We affirm.

I

Davis' complaint against American Family alleges that it breached the covenant of good faith and fair dealing when it failed to settle an insurance claim within the policy limits. The insurance claim at issue arose out of a car accident in the state of North Dakota. Davis was injured in the car accident when his truck collided with a car driven by Lee Krogen. Krogen was a resident of North Dakota and was insured by American Family. After the accident Davis returned to his home in Montana.

On November 22, 1983, Davis filed a lawsuit against Krogen in North Dakota. Davis' attorney informed American Family that Davis filed the lawsuit "simply to obtain service on Krogen at this time." Davis' attorney further stated that it was not necessary for American Family to turn the case over to a defense attorney.

American Family hired General Adjustment Bureau (GAB), an independent multistate adjusting firm, to investigate and adjust Davis' claim. GAB assigned the file to its Miles City, Montana office. At GAB's first meeting with Davis, GAB offered to settle Davis' claim for approximately $40,000. Davis rejected this offer. Subsequent settlement negotiations failed and in October 1984, Davis' attorney instructed American Family to turn the case over to a defense attorney. American Family instructed GAB to close its file. American Family turned the case over to a defense attorney.

On February 26, 1985, Davis' attorney offered to settle the claim for the policy limit of $50,000. This settlement offer was to remain open until March 15, 1985. American Family declined to accept this offer until it had the chance to conduct more discovery. In August 1985, American Family presented Davis with two structured settlement proposals which Davis rejected. In September 1985, American Family offered to settle for the policy limit. Davis rejected this offer and the case went to trial. The jury returned a verdict in favor of Davis apportioning fault 40% to Davis and 60% to Krogen. Davis was awarded $91,740 in damages. American Family paid $50,000 of the judgment to Davis. Davis promised not to execute upon Krogen's property to satisfy the remainder of the judgment in return for Krogen's assignment of Krogen's claims against American Family.

Davis brought this action against American Family in the United States District Court for the District of Montana seeking to hold American Family liable for the remainder of the judgment. Davis' com-

plaint alleged that he offered to settle his claim against Krogen for $50,000. Davis further alleged, "American Family refused said offer, and in so doing, it acted in bad faith towards its insured and in disregard of his interests." American Family moved to dismiss the claim for lack of personal jurisdiction. The district court granted American Family's motion to dismiss for lack of personal jurisdiction. Davis appeals.

## II

American Family is an insurance corporation organized under the laws of Wisconsin with its principal place of business in Wisconsin. American Family is not registered to do business in Montana. It does not transact business in Montana. It has no offices in Montana and does not advertise or solicit business in Montana. Krogen entered into the insurance contract with American Family in North Dakota.

Davis as the plaintiff has the burden of establishing that the United States District Court for the District of Montana has jurisdiction over the defendant. *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir.1987). Where, as here, a district court decides the jurisdictional issue based on affidavits and written discovery materials, the plaintiff is only required to make a prima facie showing of jurisdictional facts in order to defeat a motion to dismiss. *Id.* "We review the materials presented de novo to determine if plaintiff has met the burden of showing a prima facie case of personal jurisdiction." *Id.*

The power of a federal court to hear a case where a defendant claims a lack of in personam jurisdiction in a diversity action depends on two independent considerations. First, applicable state law must purport to confer personal jurisdiction over the defendant. Second, the assertion of personal jurisdiction must comport with constitutional principles of due process. *Id.* Montana's long-arm statute confers personal jurisdiction upon a Montana court if the plaintiff's claim arises from the commission of any act by the defendant which results in accrual of a tort action in the state.

Mont.R.Civ.P. 4B. The Montana Supreme Court has interpreted the Montana long-arm statute to permit the exercise of personal jurisdiction over nonresident defendants to the maximum extent permitted by federal due process. *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 839 (9th Cir.1986); *State of North Dakota v. Newberger,* 188 Mont. 323, 613 P.2d 1002, 1004 (1980). Where the state and federal limits are coextensive, we must determine whether the exercise of jurisdiction comports with federal constitutional principles of due process. *Lake,* 817 F.2d at 1420.

A Montana court's exercise of personal jurisdiction over American Family is consistent with due process if American Family has sufficient minimum contacts with the state of Montana so that the maintenance of this suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945). Davis concedes that American Family is not subject to the general jurisdiction of the Montana courts because its contacts with Montana were not "substantial" or "continuous or systematic." *Fields v. Sedgwick Associated Risks, LTD.,* 796 F.2d 299, 301 (9th Cir. 1986). Therefore, we only need to address the question whether limited in personam jurisdiction is shown by the facts. Limited jurisdiction exists when the defendant's contacts with the state are not substantial, but the plaintiff's cause of action arises out of the defendant's forum-related activities. *Haisten v. Grass Valley Medical Reimbursement Fund,* 784 F.2d 1392, 1397 (9th Cir.1986).

We focus our jurisdictional inquiry primarily on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977). We have established a three-part test to determine whether limited jurisdiction may be exercised:

(1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act

by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.

*Hunt v. Erie Insurance Group,* 728 F.2d 1244, 1247 (9th Cir.1984).

■ Davis contends that the hiring of an insurance adjuster in Montana along with the telephone and mail contacts concerning the insurance claim demonstrate purposeful availment of the benefits and protections of Montana law. We rejected a similar argument in *Hunt,* 728 F.2d at 1247–48.

In *Hunt* the plaintiff was injured in a car accident in the state of Colorado. The plaintiff moved to California to receive treatment. The plaintiff brought suit in California against an East Coast insurance company which did not do business in California. *Id.* at 1245–46. The plaintiff argued that her bad faith claim against the insurance company for failure to pay all her medical bills arose out of the insurance company's actions in California. The plaintiff alleged the purposeful availment requirement was met because the insurance company corresponded with her in California and sent payments to her in California. *Id.* at 1247–48. We rejected this argument stating, "[t]he mere fact that [the insurance company] communicated with [the plaintiff] in the state, and may have committed a tort in the exchange of correspondence, does not show that [the insurance company] purposefully availed itself of the privilege of conducting business in California. [The plaintiff's] move to California forced [the insurance company] to send mail to that State concerning her claim." *Id.* at 1248.

*Hunt* is controlling here. The fact that American Family hired an adjuster who had an office in Montana and sent correspondence to Davis in Montana resulted solely from the fact that Davis returned to his home in Montana after the accident in the state of North Dakota. Unlike an in-surance defendant whose activities are purposely directed towards participating in the forum state's insurance market, *see e.g., Haisten,* 784 F.2d 1392, American Family's activities in Montana were conducted for the sole purpose of fulfilling its obligation to adjust Davis' claim pursuant to its insurance contract with North Dakota resident Krogen. American Family's actions do not demonstrate a purposeful availment of the benefits and protections of Montana law. Thus, the district court properly dismissed Davis' complaint for lack of personal jurisdiction.

Davis attempts to distinguish *Hunt* relying on the fact that American Family used a Montana adjuster to attempt to settle Davis' claim. However, GAB is an independent multi-state adjusting firm. American Family did not go to Montana to hire a Montana adjuster. American Family hired GAB. GAB assigned the file to its Montana office. The fact that American Family decided to use an adjuster to conduct settlement negotiations face to face with Davis rather than conducting settlement negotiations by phone or letter is not enough to escape the holding of *Hunt.* To hold otherwise would create a situation where insurance companies would only conduct settlement negotiations by phone or letter for fear that they would be subjecting themselves to jurisdiction in any forum in which an adjuster conducted settlement negotiations in person.

### III

■ Davis' claim also failed the second prong of the test for the limited exercise of in personam jurisdiction. Under the second limited jurisdiction factor, Davis' tort claim must arise out of American Family's forum-related activities. Davis did not allege in his complaint that American Family acted in bad faith by hiring GAB. Moreover, Davis did not allege in his complaint that *GAB* acted in bad faith. Davis alleged that American Family acted in bad faith when it refused to settle for the policy limit. Davis' claim arises from American Family's rejection of Davis' settlement offer in March 1985. GAB's services had terminat-

ed months before when Davis instructed American Family to turn the claim over to a defense attorney. Thus, Davis' bad faith claim does not arise from or relate to American Family's use of the services of GAB's Montana employee. Davis' cause of action is based upon the contents of a letter mailed by American Family's attorney from his office in North Dakota.

## IV

Davis also relies on the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) to support jurisdiction claiming that American Family caused an "effect" in Montana. In *Calder* the defendants chose to write a defamatory article which they knew would result in a harmful effect upon a California resident. The defendants' activities were purposefully directed towards California. *Id.* at 789–90, 104 S.Ct. at 1486–88. Here, when American Family chose to insure Krogen in North Dakota, American Family did not know it would have to adjust a claim of a Montana resident against its North Dakota insured. Furthermore, American Family did not "choose" to adjust Davis' claim in Montana. Pursuant to the insurance contract American Family was obligated to adjust Davis' claim wherever he resided. Thus, American Family's actions were not purposefully directed toward a Montana resident. Davis' reliance on *Calder* is misplaced.

Because the record shows that American Family did not purposefully avail itself of the privilege of conducting activities in Montana and because Davis' claim does not arise out of American Family's forum related activities, we do not address the final prong of the jurisdictional test.

The judgment of the district court is AFFIRMED.