907 F.2d 911
 FARMERS INSURANCE EXCHANGE, a reciprocal or interinsurance
exchange, organized and existing under and by
virtue of the laws of the State of
California, Plaintiff-Appellant,
v.
The PORTAGE LA PRAIRIE MUTUAL INSURANCE COMPANY, a chartered
mutual insurance company, authorized and existing
under and by virtue of the laws of the
Province of Manitoba, Canada,
Defendant-Appellee.
 No. 89-35409.
 United States Court of Appeals,
Ninth Circuit.
 Submitted May 7, 1990*.
Decided July 9, 1990.
 
 Patrick G. Frank, Worden, Thane, and Haines, P.C., Missoula, Mont., for plaintiff-appellant.
 Cresap S. McCracken, Church, Harris, Johnson and Williams, Great Falls, Mont., for defendant-appellee.
 Appeal from the United States District Court for the District of Montana.
 Before FARRIS, PREGERSON and BOOCHEVER, Circuit Judges.
 FARRIS, Circuit Judge:
 
 
 1
 Farmers Insurance Exchange appeals the district court's dismissal of its action against The Portage La Prairie Mutual Insurance Company alleging breach of contract and bad faith denial of insurance coverage. The district court based its dismissal on lack of personal jurisdiction over Portage. We reverse.
 
 FACTS
 
 2
 This dispute resulted from a single-vehicle accident for which both Farmers and Portage were obligated to provide coverage. Farmers is a California insurer doing business in Montana and elsewhere. Portage is a Canadian insurer that issues no policies in Montana and has no agents there. The accident occurred near Lincoln, Montana while the insured parties were en route to Alberta, Canada. Lisa Lorango, as driver, was insured under a family automobile insurance policy issued by Farmers in Montana. The vehicle, insured by Portage, was owned by John Kraemer who resides with his wife, Claudia, in Alberta, Canada. Claudia, Lisa's sister, was an injured passenger in the accident. The Kraemers moved to Montana shortly thereafter.
 
 
 3
 Claudia submitted damage claims to Portage, who paid to the limit of its "medical" coverage but denied liability coverage pursuant to a "family exclusion" which excludes indemnification for claims made by family members. Claudia then brought action in Montana state court against Lisa Lorango (the driver), who resides in Montana. It was argued that Portage was obligated to provide coverage because it indemnified any person driving with the consent of the insured. When Portage refused to defend Lisa Lorango, Farmers defended and agreed to settle by paying Claudia its policy limit.
 
 
 4
 Farmers sought declaratory relief and damages in Montana federal district court, against Portage for bad faith and breach of contract for its refusal to reimburse Farmers. Farmers alleges that it is an "excess" insurer and that Portage as primary insurer was obligated to reimburse Farmers. The district court dismissed for lack of personal jurisdiction over Portage.
 
 BURDEN OF PROOF/STANDARD OF REVIEW
 
 5
 The plaintiff has the burden of establishing jurisdiction. Where, as here, a district court decides the jurisdictional issue based on affidavits and written discovery materials, the plaintiff is only required to make a prima facie showing of jurisdictional facts in order to defeat a motion to dismiss. Davis v. American Family Mut. Ins. Co., 861 F.2d 1159, 1161 (9th Cir.1988). We review the materials presented de novo to determine if plaintiff has met the burden of showing a prima facie case of personal jurisdiction. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir.1987).
 
 DISCUSSION
 
 6
 Portage argues that it committed no act that would bring it within the scope of the Montana long-arm statute.[1] We disagree. See Jackson v. Kroff, Pomerantz & Cameron, 724 P.2d 717, 720-21 (Mont.1986) (tortious denial of insurance coverage comes within scope of long-arm statute even when decision is made out-of-state). We recognize that even when the statutory requirement is satisfied, the exercise of personal jurisdiction must also be consistent with due process.
 
 
 7
 Due process requires a defendant to have a minimum level of contacts with the forum before personal jurisdiction may be exercised. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). When a defendant has no substantial or continuous contacts with the forum, the district court must determine if "specific" jurisdiction is satisfied. Specific jurisdiction exists if: 1) the non-resident defendant does some act by which it purposefully avails itself of the privilege of conducting activities in the forum, 2) the claim arises out of the defendant's forum-related activities, and 3) the exercise of jurisdiction is reasonable. Haisten v. Grass Valley Medical Reimbursement Fund, 784 F.2d 1392, 1397 (9th Cir.1986).
 
 1) Purposeful Availment
 
 8
 The purposeful availment requirement may be satisfied by a foreign act that has an effect in the forum state. Id. Portage asserts that it does no business in Montana and has committed no act that has had an effect in the state. Farmers argues that Portage purposely availed itself of the forum's laws by issuing a policy that covers travel into Montana.[2] Farmers also relies upon post-accident communications and investigation within Montana.
 
 
 9
 The district court properly placed little weight on post-accident communications. Only contacts occurring prior to the event causing the litigation may be considered. Steel v. United States, 813 F.2d 1545, 1549 (9th Cir.1987). Significant consideration of post-accident investigation and settlement contacts would deter good faith attempts by insurers to settle. Rossman v. State Farm Mut. Auto. Ins. Co., 832 F.2d 282, 287 n. 2 (4th Cir.1987).
 
 
 10
 The record establishes that Portage satisfied the purposeful availment requirement. Its policy coverage extends into Montana and an insured event resulted in litigation there. In Rossman, 832 F.2d 282 (4th Cir.1987), the driver of a car covered by Illinois liability insurance was involved in an accident in Virginia that resulted in the death of the driver of a second car. The surviving driver's policy provided coverage in "1) The United States of America, its territories or possessions; 2) Puerto Rico; or 3) Canada." Id. at 285. The family of the deceased driver filed suit in the federal district court in Virginia against various insurers for a determination of insurance coverage. Consolidated, the surviving driver's insurer, denied personal jurisdiction because it did no business in Virginia and had no agents there, the policy was sold in Illinois, and the insured car was principally garaged in Illinois. The Fourth Circuit held that Consolidated had sufficient contacts with Virginia "such that [it] should reasonably anticipate being haled into court there." Id. at 286 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). The court stated:
 
 
 11
 In this case, there is no doubt that Consolidated could foresee being haled into court in Virginia. "Insurance by its nature involves the assertion of claims, and resort to litigation is often necessary." As the district court noted, "[a] health insurance policy is typically sued upon where the insured resides, while an automobile liability policy is typically sued upon where an accident takes place." As an automobile liability insurer, Consolidated could anticipate the risk that its clients would travel in their automobiles to different states and become involved in accidents and litigation there.
 
 
 12
 Id. (citations omitted). Had Consolidated wished to avoid suit in Virginia, "it could have excluded that state from the 'policy territory' defined in the policy." Rossman. Id.832 f.2d at 287.
 
 
 13
 In Eli Lilly & Co. v. Home Ins. Co., 794 F.2d 710, 721 (D.C.Cir.1986), cert. denied, 479 U.S. 1060, 107 S.Ct. 940, 93 L.Ed.2d 990 (1987), the court held that the product liability insurer for a national manufacturer was subject to personal jurisdiction in any forum in which its insured was likely to be subject to suit. As in Rossman, personal jurisdiction derived from the contractual obligation to indemnify and defend the insured, a duty that foreseeably required litigation in any forum where the insured risk traveled. Several state courts have also found that personal jurisdiction follows the insured risk. See e.g., Labruzzo v. State Wide Ins. Co., 77 Misc.2d 455, 353 N.Y.S.2d 98, 102 (1974); see also August v. HBA Life Ins., 734 F.2d 168, 172-73 (4th Cir.1984) (collecting state cases subjecting insurers to jurisdiction wherever automobile causes harm).
 
 
 14
 The precedent cited by Portage is not controlling. In Davis, 861 F.2d at 1161, and Hunt v. Erie Ins. Group, 728 F.2d 1244, 1247 (9th Cir.1984), the forum choice was the result of the plaintiff's unilateral change of residence after the occurrence of the tortious event giving rise to the litigation. Here, the forum was the situs of the accident. Unlike Davis and Hunt, the forum in this case had a substantial connection to the litigation.
 
 
 15
 We recognize that a minority of state courts have concluded that the Supreme Court's decision in World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980), precludes the exercise of personal jurisdiction over an insurer whose only contact with the forum is the issuance of the policy. See Meyer v. Auto Club Ins. Assoc., 492 So.2d 1314, 1316 (Fla.1986); cf. United Farm Bureau Mut. Ins. v. United States Fidelity & Guar., 501 Pa. 646, 462 A.2d 1300 (1983). In World-Wide Volkswagen, the Court held that the sale of cars by New York local and regional distributors did not indicate a willingness to be sued in Oklahoma where the purchaser had subsequently driven the car. " '[F]oreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." 444 U.S. at 295, 100 S.Ct. at 566.
 
 
 16
 Unlike the automobile sellers in World-Wide Volkswagen, automobile liability insurers contract to indemnify and defend the insured for claims that will foreseeably result in litigation in foreign states. See Rossman, 832 F.2d at 286. Thus litigation requiring the presence of the insurer is not only foreseeable, but it was purposefully contracted for by the insurer.[3] Moreover, unlike a product seller or distributor, an insurer has the contractual ability to control the territory into which its "product"--the indemnification and defense of claims--will travel.
 
 
 17
 We agree with the Fourth Circuit in Rossman. Portage's territorial policy limit included Montana within its scope. Portage controlled its own amenability to suit. We therefore hold that Portage purposefully availed itself of the Montana forum when it contracted to indemnify and defend claims arising there.
 
 2) Arising Out Of
 
 18
 Farmers brought suit as a third-party beneficiary to the promise to provide coverage (in Montana) and for bad faith refusal to settle. An action arises out of contacts with the forum if, "but for" those contacts, the cause would not have arisen. Shute v. Carnival Cruise Lines, 897 F.2d 377, 385 (9th Cir.1990). But for Portage's alleged breach of promise to defend its insured for injuries caused in Montana, this suit would not have arisen. The second prong is satisfied.
 
 3) Reasonableness
 
 19
 The reasonableness of exercising personal jurisdiction depends on seven factors:
 
 
 20
 1) extent of purposeful interjection,
 
 
 21
 2) burden on defendant to defend suit in chosen forum,
 
 
 22
 3) extent of conflict with other state's sovereignty,
 
 
 23
 4) the forum state's interest in the dispute,
 
 
 24
 5) the most efficient forum for the dispute,
 
 
 25
 6) plaintiff's interests in the forum,
 
 
 26
 7) existence of an alternate forum.
 
 
 27
 Id. at 386.
 
 
 28
 Portage voluntarily contracted to provide insurance coverage for travel in Montana. Agents of Portage allegedly had actual knowledge that the vehicle would be driven to Montana. Farmers', defense and settlement in Montana state court was foreseeable. Because Portage has already investigated the claim and paid on the medical coverage in Montana, the additional burden of litigating the liability coverage there would be minimal. Moreover, Montana has a "great interest in regulating bad faith by insurance companies in the state." Jackson, 724 P.2d at 717. This interest is present even though Portage is not "in the state" because its resident, Lisa Lorango, was arguably a third-party beneficiary of the policy.
 
 
 29
 We recognize that Canada provides an alternative forum, but Montana will provide at least as an efficient forum for the dispute because the accident occurred there, both parties have undertaken investigations there, and the driver's permissive use of the vehicle occurred there. We realize, however, that where personal jurisdiction is extended across international borders "[g]reat care and reserve should be exercised." Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 115, 107 S.Ct. 1026, 1035, 94 L.Ed.2d 92 (1987).
 
 
 30
 Having carefully weighed the pertinent factors, we find that the exercise of jurisdiction would be reasonable. Portage agreed to "defend in the name and on behalf of any person insured by this Policy" including "every person who with his consent personally drives the automobile." Portage therefore was arguably liable to defend any liability action against Lisa Lorango, the driver. It was Portage's refusal to do so that brought Farmers into the Montana state court action. The district court erred in dismissing the suit for lack of personal jurisdiction.
 
 
 31
 Portage argues that its policy terms are mandated by law and that the exercise of jurisdiction would be unfair. We reject the argument. Portage failed to rebut the prima facie showing of its voluntarily interjection into the Montana forum.
 
 
 32
 REVERSED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 [1]
 Mont.R.Civ.P. 4 B states in relevant part:
 [A]ny person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from ... any of the following acts:
 a) the transaction of business within this state;
 b) the commission of any act which results in accrual within this state of a tort action;
 ....
 
 
 [2]
 The policy states:
 This Policy applies only while the automobile is being operated, used, stored or parked within Canada, the United States of America or upon a vessel plying between ports of those countries.
 
 
 [3]
 The policy issued by Portage states that the insurer shall "defend in the name and on behalf of any person insured by the Policy and at the cost of the Insurer ..." Section A, subpart (2)