Andrew L. OVERBY, et al., Plaintiffs,

v.

OREGONIAN PUBLISHING, et al., Defendants.

Civ. No. 95–30–JO.

United States District Court, D. Oregon.

April 3, 1995.

Andrew L. Overby, Vancouver, WA, pro se.

Charles F. Hinkle, Stoel Rives Boley Jones & Grey, Portland, OR, for defendants.

## OPINION AND ORDER

ROBERT E. JONES, District Judge:

This is a diversity action for defamation. Plaintiff, a citizen of Washington acting *pro se,* alleges that the defendants composed and caused to be printed certain allegedly false and defamatory statements concerning her in *The Oregonian,* a daily newspaper published in Portland, Oregon.

The case is before me on defendants Advance Publications, Inc.'s, Samuel I. Newhouse Jr.'s, and Newhouse Newspapers Metro–Suburbia, Inc.'s, motion to dismiss for lack of personal jurisdiction and for failure to state a claim under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (# 27). For the reasons stated below, defendants' motion is GRANTED.

### DISCUSSION

I. *Motion to Dismiss for Lack of Personal Jurisdiction*

A. *Factual Allegations*

As pertinent to the jurisdictional issue, plaintiff alleges the following. Advance Publications, Inc. ("Advance"), and Newhouse

Newspapers Metro–Suburbia, Inc. ("Newhouse Newspapers") are New York corporations with their principal places of business in New York. Samuel Newhouse, alleged to be the chief executive officer of Advance, has his principal place of business in New York and resides there. Plaintiff alleges that Advance owns Newhouse Newspapers, and that Newhouse Newspapers owns Oregonian Publishing Company, another defendant in this lawsuit. Plaintiff further alleges that Advance "was the owner of and publisher of * * * The Oregonian * * *."

### B. Standards

Plaintiff bears the burden of establishing personal jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir.1990). Ordinarily, a Rule 12(b)(2) motion is resolved on the basis of affidavits and discovery materials. *See Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977). In this case, however, the parties have not submitted affidavits.[1] Accordingly, I must assume the truth of uncontroverted allegations in the complaint. *See WNS, Inc. v. Farrow*, 884 F.2d 200, 204 (5th Cir.1989); *see also* Judge William W. Schwarzer, Judge A. Wallace Tashima, & James M. Wagstaffe, Federal Civil Procedure Before Trial ¶ 9:111, at 9–24 (1994).

To establish personal jurisdiction, plaintiff must show both that the forum state's long-arm statute confers personal jurisdiction over the nonresident defendant and that the exercise of jurisdiction comports with federal due process. *See, e.g., Gray & Co. v. Firstenberg Machinery Co., Inc.*, 913 F.2d 758, 760 (9th Cir.1990); *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (9th Cir.1986). The Oregon long-arm statute confers jurisdiction "to the extent permitted by due process." *Gray & Co.*, 913 F.2d at 760; *see* O.R.C.P. 4 L.

Due process requires that a defendant have a "minimum level of contacts with the forum before personal jurisdiction may be exercised." *Farmers Ins. Ex.*, 907 F.2d at 913, *citing International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). If a nonresident defendant's activities in the forum state are substantial or continuous and systematic, the court may assert general jurisdiction over a claim, even if the claim is unrelated to the defendant's forum activities. *Hirsch*, 800 F.2d at 1477. If the defendant's contacts are neither substantial nor continuous and systematic, the court must determine if "specific" or "limited" jurisdiction exists. *Farmers Ins. Ex.*, 907 F.2d at 913; *Hirsch*, 800 F.2d at 1477.

### C. Discussion

With respect to defendants Newhouse Newspapers and Samuel Newhouse, plaintiff has failed to allege any basis whatsoever for personal jurisdiction in Oregon. Even assuming that, as plaintiff alleges, Newhouse Newspapers "owns" defendant Oregonian Publishing Company[2], the existence of a parent-subsidiary relationship, without more, is insufficient to establish personal jurisdiction over a non-resident corporation. *Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir.1985) (where the corporate separation is real, the parent-subsidiary relationship is insufficient to confer personal jurisdiction over foreign corporate parent). Although plaintiff urges the court to disregard the corporate form, plaintiff has presented no evidence that would permit me to do so.

Because plaintiff has neither alleged nor submitted any evidence that Newhouse Newspapers or Samuel Newhouse have even the minimum contacts with Oregon necessary

---

1. In future proceedings before this court, plaintiff and defense counsel are admonished to follow the mandatory requirements of Local Rule 220–2(b): "Each motion *shall be* accompanied by an affidavit, declaration * * * or deposition *sufficient to support any material factual contentions * * *.*" (Emphasis added.)

2. Defendants assert that "in fact Newhouse Newspapers * * * is a corporation that represents *The Oregonian* for advertising purposes; it is not a corporate parent of Oregonian Publishing Company." If that is so, that fact should have been established by affidavit. *See* footnote 1.

to sustain limited personal jurisdiction, plaintiff's claims against them are DISMISSED.

With respect to Advance, plaintiff alleges that Advance "was the owner of and publisher of a newspaper known as *The Oregonian* * * *." Complaint, ¶ 6. If that allegation was uncontroverted, it might be sufficient to satisfy plaintiff's burden of making a prima facie showing of jurisdictional facts. *See Data Disc, Inc.,* 557 F.2d at 1285 ("plaintiff must make only a prima facie showing of jurisdictional facts * * * to avoid a defendant's motion to dismiss"). That allegation is, however, directly controverted by other allegations in the complaint and by plaintiff's own evidence.

■ In paragraph 2 of the complaint, plaintiff alleges that defendant Oregonian Publishing Company "owned and published, and still owns and publishes a newspaper known as *The Oregonian.*" That allegation directly contradicts her later allegation that Advance owns and publishes the newspaper. Plaintiff's exhibits to her response to defendant's motion also directly contradict her allegation that Advance publishes the newspaper. Two of the exhibits, consisting of pages from different issues of *The Oregonian,*[3] contain "Statements of Ownership" mandated by federal law (39 U.S.C. § 3685). The statements unequivocally demonstrate that *The Oregonian* is owned by defendant Oregonian Publishing Company and published by defendant Fred Stickel, not Advance. Advance is listed solely as a stockholder, "through intermediary corporations."

Because plaintiff's allegation that Advance publishes *The Oregonian* is directly controverted, I am not required to and do not accept it as true. *See Data Disc, Inc.,* 557 F.2d at 1284. On the record before me, plaintiff has failed to make a prima facie showing that Advance has the minimum contacts with Oregon necessary to sustain personal jurisdiction. Accordingly, plaintiff's claim against Advance is DISMISSED.

II. *Motion to Dismiss for Failure to State a Claim*

My conclusion that this court lacks personal jurisdiction over Advance, Newhouse Papers, and Samuel Newhouse makes it is unnecessary to reach their argument that plaintiff has failed to state a claim.

CONCLUSION

Defendants Advance Publications, Inc.'s, Newhouse Newspapers Metro–Suburbia, Inc.'s, and Samuel Newhouse's motion to dismiss (# 27) is GRANTED.

---

**3.** Newspaper articles are self-authenticating under FRE 902(6).