62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Scott COUGHENOUR; Laura Roth-Coughenour, Plaintiffs-Appellants,
v.
STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, a South
Carolina Corporation dba State Auto Insurance Companies;
State Automobile Mutual Insurance Company, an Ohio
Corporation dba State Auto Insurance Companies, Defendants-Appellees.
 No. 94-55008.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1995.
Decided Aug. 9, 1995.
 
 Before: FLETCHER, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Douglas Scott Coughenour and Laura Roth-Coughenour ("the Coughenours") appeal the district court's dismissal for lack of personal jurisdiction over their diversity action against State Auto Property and Casualty Insurance Company and State Automobile Mutual Insurance Company (respectively "P&C" and "Mutual"; collectively "State Auto"), seeking a declaration of benefits for damages and injuries sustained by Laura Roth-Coughenour in an auto accident in Georgia. The Coughenours, residents of California, were driver and passenger of a car owned by Douglas Coughenour's parents and insured under a State Auto policy issued in Ohio. We affirm.
 
 
 3
 * We hold the district court did not abuse its discretion in deeming the Motion to Set Aside Default "to [have been] made on the alternative ground of lack of personal jurisdiction," after finding that the Coughenours were not prejudiced by State Auto's pleading error. Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default "[f]or good cause shown." "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986). "Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." Id. at 945-46 (alteration in original) (internal quotations omitted).
 
 II
 
 4
 Because it found State Auto "has no substantial, continuous and systematic contacts" in California, the district court held it had no general personal jurisdiction over the defendants. The Coughenours do not dispute this; they argue rather for "limited" or "specific" personal jurisdiction. We agree with the district court that this is lacking as well. "We review the materials presented de novo to determine if plaintiff has met the burden of showing a prima facie case of personal jurisdiction." Farmers Ins. Exchange v. Portage La Prairie Mutual Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990) (internal citations omitted).
 
 
 5
 "Whether the district court has personal jurisdiction over [defendant insurer] is determined by the law of the forum state." Hunt v. Erie Ins. Group, 728 F.2d 1244, 1246 (9th Cir. 1984), citing Forsythe v. Overmyer, 576 F.2d 779, 782 (9th Cir.), cert. denied, 439 U.S. 864 (1978). Here, as in Hunt,
 
 
 6
 [t]he applicable statute is section 410.10 of the California Code of Civil Procedure, which permits California courts to "exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." This language has been interpreted to confer jurisdiction which is coextensive with that permitted by United States Supreme Court decisions defining the limits of federal due process.
 
 
 7
 Id. For personal jurisdiction to lie, due process requires that the defendant have "certain minimum contacts" with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). "Minimum contacts may give rise to 'general' or 'limited' personal jurisdiction. General jurisdiction arises when a nonresident defendant's activities in the forum are so substantial and continuous that due process does not require a connection between the cause of action pleaded and the nature of the defendant's activities in the state." Hunt, 728 F.2d at 1246.
 
 
 8
 Because State Auto has no substantial or continuous contacts with the forum, we turn to the question of specific jurisdiction, which exists if:
 
 
 9
 (1) the non-resident defendant does some act by which it purposefully avails itself of the privilege of conducting activities in the forum, (2) the claim arises out of the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.
 
 
 10
 Portage, 907 F.2d at 913. Cf. Davis v. American Family Mutual Ins. Co., 861 F.2d 1159, 1161-62 (1988); Hunt, 728 F.2d at 1247. Hunt and Davis, like the instant case, involved attempts by a resident plaintiff injured in an out-of-state auto accident to sue a nonresident insurer. In both cases, we held there was no jurisdiction.
 
 
 11
 The Coughenours cite Portage for the proposition that purposeful availment is met within the territory where an auto insurer extends its policy coverage. 907 F.2d at 913-14. In other words, "personal jurisdiction follows the insured risk." Id. at 914. However, we held in Portage that purposeful availment was satisfied because "policy coverage extend[ed] into [the forum state] and an insured event resulted in litigation there." Id. at 913 (emphasis added). Here, purposeful availment is not met because the insured event--the accident--did not take place in California. Furthermore, the claim does not arise from the defendant's forum-related activities. Cf. id. at 914 (holding that the insurer "purposefully availed itself of the ... forum when it contracted to indemnify and defend claims arising there" (emphasis added).).
 
 
 12
 Here, we distinguished Hunt and Davis on the grounds that,
 
 
 13
 the forum choice [in those cases] was the result of the plaintiff's unilateral change of residence after the occurrence of the tortious event giving rise to the litigation. Here, the forum was the situs of the accident. Unlike Davis and Hunt, the forum had a substantial connection to the litigation.
 
 
 14
 Id. We appear to have misread Davis insofar as we ascribed Davis's presence in Montana to a post-accident change of residence. In Davis, we noted that, "[a]fter the accident, Davis returned to his home in Montana." 861 F.2d at 1160. Like Davis, the Coughenours were residents of their chosen forum before and after the accident. Thus, while Hunt may be distinguished from the instant case on the basis of its plaintiff's unilateral decision to change her residence, Davis may not be.
 
 
 15
 The Coughenours argue that the situs of the accident is not the controlling factor. They contend that purposeful availment stems not from the insurer's anticipation of accidents occurring in a given state, but from the writing and issuing of insurance policies providing coverage in a given territory, e.g., the United States. We have, however, rejected the view that a policy's nationwide coverage obligates an insurer to submit to jurisdiction "wherever an injured claimant's need for medical care exists." Hunt, 728 F.2d at 1247. Portage does not overrule this holding.
 
 
 16
 The Coughenours further argue that purposeful availment is met by the arbitration provision requiring that arbitration, if mutually agreed upon, take place in the insured's state of residence, by State Auto's post-accident letters and phone calls to the Coughenours in California for settlement and discovery purposes, and by its insuring of Douglas Coughenour's brother while he attended college in California. They also note the relatively heavy burden they will bear by being forced to litigate elsewhere (e.g., in Georgia or Ohio), and the state's interest in the dispute.
 
 
 17
 These events do not establish minimum contacts for jurisdictional purposes. No arbitration activities took place in the instant case. State Auto did not "waive" its right to object to personal jurisdiction by serving discovery the day before the district court entered its dismissal for lack of jurisdiction. Post-accident communications and investigation may not be considered in determining purposeful availment: "Only contacts occurring prior to the event causing the litigation may be considered." Portage, 907 F.2d at 913, citing Steel v. United States, 813 F.2d 1545, 1549 (9th Cir. 1987).
 
 
 18
 State Auto's insuring of Douglas Coughenour's brother under the senior Coughenours' policy during the former's student days in California cannot be said to establish purposeful availment. State Auto's payment on a claim to Charles Coughenour in California does not serve as an admission of jurisdiction here; State Auto does not dispute it would have to submit to jurisdiction in California on claims arising there as a result of occurrences within that state. Finally, as for the burdens of litigating elsewhere and California's interest in the dispute, such considerations have been held nondispositive and secondary to the issue of due process. Hunt, 728 F.2d at 1248-49.
 
 
 19
 While we are not particularly enchanted with the conduct of the insurer, we hold personal jurisdiction, both general and limited, to be lacking. We therefore affirm the district court's dismissal for lack of jurisdiction.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3