103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Afimuao AUMOEUALOGO; Luisa A. Aumoeualogo, Plaintiffs-Appellants,
v.
Aifili Paulo LUTALI; Soliai Tuipine Fuimaono; Malaetasi
Togafau, Defendants-Appellees.
 No. 95-56434.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Dec. 09, 1996.
 
 Appeal from the United States District Court Southern District of California, No. CV-95-00601-HBT; Howard B. Turrentine, Senior Judge, Presiding.
 S.D.Cal.
 REMANDED.
 
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The Aumoeualogos allege that the Governor, the Attorney General, and the Chief Election Officer of American Samoa denied them absentee ballots in violation of Samoan law. They assert claims under 42 U.S.C. sections 1973, 1983, and 1985(3) and seek injunctive relief, damages, and declaratory relief determining their voting rights. The district court dismissed the action with prejudice for lack of personal and subject matter jurisdiction. We have jurisdiction under 28 U.S.C. section 1291.
 
 
 4
 The complaint alleges that the Samoan officials were acting in their individual capacities when they denied the Aumoeualogos absentee ballots, and the Aumoeualogos sue them only in their personal capacities. We therefore do not address whether the Aumoeualogos would be entitled to relief if they were to assert claims against defendants in their official capacities.
 
 
 5
 We review the district court's dismissal for lack of personal jurisdiction de novo. Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 269 (9th Cir.1995). The Aumoeualogos have the burden of establishing personal jurisdiction. Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir.1990). They may establish jurisdiction by proving that the defendants' contacts with California were sufficiently substantial to permit the district court to invoke either general or specific jurisdiction over them. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9 (1984).
 
 
 6
 As this Court has previously held, "[f]or a defendant to be subject to general in personam jurisdiction, it must have such continuous and systematic contacts with the forum that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." Reebok Intern. Ltd. v. McLaughlin, 49 F.3d 1387, 1391 (9th Cir.), cert. denied, 116 S.Ct. 276 (1995) (emphasis added). There is no evidence in the record that the defendants had any ongoing contact with California. The district court was therefore correct to find that it lacked general jurisdiction over defendants. In their briefs, plaintiffs refer to material they intend to discover showing that the defendants have had campaign offices and campaign telephone numbers in California. But even if these facts were proven, they would not support general jurisdiction--occasional past contact with the forum state is insufficient to constitute "continuous and systematic contacts."
 
 
 7
 The existence of specific personal jurisdiction is determined by reference to a three-prong test:
 
 
 8
 (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.
 
 
 9
 Data Disc, Inc. v. Systems Tech. Assoc., 557 F.2d 1280, 1287 (9th Cir.1977) (emphasis added).
 
 
 10
 A finding of "purposeful availment" requires proof of "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm." Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1486 (9th Cir.1993) (explaining Calder v. Jones, 465 U.S. 783 (1984)). To prove purposeful availment, the plaintiffs rely on American Samoa's mailing of form letters to Samoans residing abroad and on subsequent correspondence between themselves and the Samoan officials. Mailing a letter describing the recipient's rights in a foreign jurisdiction is not conduct "expressly aimed" at the state where that letter is received. Furthermore, the letters sent by the Samoan officials pertained to rights associated with Samoan residency--and any harm caused by receipt of those letters therefore could only have been caused in American Samoa. Thus, the defendants never availed themselves of the California forum.
 
 
 11
 Moreover, the Aumoeualogos' claim does not satisfy the second prong of the Data Disc specific jurisdiction test: the suit does not result from or arise out of defendants' forum-related activities. Data Disc, 557 F.2d at 1287. California has nothing to do with this controversy. Although the plaintiffs happen to live in California and therefore received their letters there, this suit alleges illegal abrogation of Samoan voting rights--an event that could only have occurred in Samoa.
 
 
 12
 Finally, because plaintiffs have failed to meet either of the first two prongs of the test for specific jurisdiction, we need not consider the reasonableness of haling these defendants into a California court. We note, however, that defendants' lack of purposeful interjection into California, the burden on them of defending here, their interest in having the controversy adjudicated in American Samoa, the availability of an alternative forum, and judicial efficiency militate against a finding that exercise of jurisdiction in California would be reasonable. See Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058, 1065-66 (9th Cir.1985); Insurance Co. of North America v. Marina Salina Cruz, 649 F.2d 1266, 1270 (9th Cir.1981).
 
 
 13
 Because the district court lacked personal jurisdiction over any of the defendants, we affirm the dismissal of the action. Dismissal for lack of personal jurisdiction, however, is not on the merits and therefore should be without prejudice. Fed.R.Civ.P. 41(b); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 n. 4 (2d Cir.1994). Accordingly, we REMAND with direction to enter a judgment DISMISSING the complaint without prejudice.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3