**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELVIN BRECHT, | No. 09-35471 |
| Plaintiff - Appellant, | D.C. No. 9:09-CV-00036-DWM-JCL |
| v. | |
| LYNN MARTEN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Melvin Brecht, an Idaho state prisoner, appeals pro se from the district

court's judgment dismissing without prejudice his action alleging various claims

related to the stoppage of his Social Security benefits and their payment to the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Idaho Department of Corrections instead. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction related to failure to exhaust administrative remedies, *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003), and for lack of personal jurisdiction, *Davis v. American Family Mutual Ins. Co.*, 861 F.2d 1159, 1161 (9th Cir. 1988). We affirm.

The district court properly dismissed without prejudice the claims against defendant Marten, the Assistant Regional Commissioner of the Social Security Administration, for lack of subject matter jurisdiction because Brecht failed to exhaust his administrative remedies prior to seeking judicial review. *See* 42 U.S.C. § 405(g) (judicial review only available after "any final decision of the Commissioner of Social Security after a hearing"); *see also Califano v. Sanders*, 430 U.S. 99, 101-02 (1977) (claimant must exhaust four-step administrative review process prior to federal judicial review).

The district court also properly dismissed without prejudice all claims against the Idaho Department of Corrections and the governor of Idaho because Brecht failed to establish that they had the requisite minimum contacts with the forum for the court to exercise personal jurisdiction over them. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004)

(describing grounds for exercise of general or specific personal jurisdiction over nonresident defendants); *see also Davis*, 861 F.2d at 1161 (explaining that the plaintiff bears the burden of demonstrating that jurisdiction is appropriate).

We grant Brecht's motions to add arguments to his brief.  However, because we affirm dismissal based on lack of subject matter and personal jurisdiction, we do not consider these and Brecht's other contentions regarding the merits.

**AFFIRMED.**